UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYAN DAVID OWENS,

    Plaintiff,

v.                                                          Case No:  8:14-cv-2064-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

**OPINION AND ORDER**

Plaintiff, Bryan David Owens, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for disability insurance benefits ("DIB").  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. §§ 1520(a)(4)(iv), 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use

of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d at 1278 n.2.

### C. Procedural History

On June 1, 2011, Plaintiff filed an application for DIB alleging disability beginning June 20, 2010. (Tr. 156). Plaintiff's application was denied initially on September 2, 2011, and on reconsideration on October 14, 2011. (Tr. 86, 92). A hearing was held before Administrative Law Judge David J. Begley (the "ALJ") on June 13, 2013. (Tr. 27-61). The ALJ issued an unfavorable decision on July 26, 2013. (Tr. 12-22). On July 25, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. 1). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on August 22, 2014.

After Defendant filed the administrative record, which included a certified copy of the administrative hearing, Plaintiff filed a Request for Production (Doc. 12) seeking a copy of the "audio file" of the hearing. Defendant provided Plaintiff with a copy of the audio recording, and, after having been informed that Defendant had done so, the Court granted Plaintiff's Request for Production which had been construed as a motion. (Doc. 16).

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of Plaintiff's alleged onset date, June 20, 2010. (Tr. 14). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: disorder of the lumbar spine with radiculopathy, plantar fasciitis, joint disorder of the right knee, and major depressive disorder. (Tr. 14). At step three, the ALJ determined that Plaintiff did not have an

impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in "20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." (Tr. 14).

Before proceeding to step 4, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) with the option to alternate sitting and standing to alleviate pain and discomfort as needed; never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs, kneel, and crawl; frequently balance, stoop, and crouch; avoid slippery and uneven surfaces, hazardous machinery and unprotected heights; limited to detailed but not complex work; limited to semi-skilled work.

(Tr. 16). At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a cable splicer and warehouse worker. (Tr. 20). At step five, the ALJ relied on the testimony of a vocational expert to find that Plaintiff is able to work as a cashier, photo copy machine operator, and mail clerk. (Tr. 21). The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since June 20, 2010, through the date of the ALJ's decision. (Tr. 21).

**II.  Analysis**

Plaintiff is proceeding *pro se* in this action. The body of Plaintiff's Memorandum in opposition to the Commissioner's decision is contained on a single page and is set forth in its entirety, including grammatical errors, below:

> THE PLAINTIFF, Bryan David Owens, Pro-Se
>
> 1)  RESPECTFULLY ASKS THE COURT TO: Take into account the curious lapse in audio continuity at 8:51:27 ~ 8:51:37 at which time in the room the plaintiff's "Opioid" drug use was mentioned to Judge Begley as a problem in itself and upon which Judge Begley sternly admonishes the plaintiff that it is prescribed by a doctor and not relevant on previous illicit drug use; this missing just before the judge asks:"Now is Neurontin fairly

> new?" Additionally. The word "opioid" was used exclusively by the plaintiff several times but can be heard only once in the audio at 8:51:05 and has been reworded in the transcribe as "opiate" entirely. This "cry" for help has gone unheard.
>
> 2) Cross addiction to narcotics illicit or legal existed on and prior to the date of the hearing with Judge Begley. As a non attorney I do apologize to the court for the plaintiff's inadequate legalese in his presentation but it is with reasonable recall and total sincerity that the plaintiff requests the case be revisited or reheard.. If items such as "My Epiphany" 9:09:07 in Peru and judge's follow up question to that statement can be deleted from the record, these relevant issues made claim to cannot be ignored in good conscience.

(Doc. 18 p. 1).

Defendant argues that Plaintiff's contentions are not relevant to whether proper legal standards were applied or whether substantial evidence supports the Commissioner's decision that Plaintiff was not disabled. (Doc. 19 p. 7). Defendant contends that 42 U.S.C. § 405(g) does not authorize a reviewing court to admit and consider the audio recording of the administrative hearing when reviewing an ALJ's decision. (Doc. 19 p. 7). Defendant argues that Plaintiff's memorandum fails to raise any errors and that Plaintiff has therefore waived any issue regarding whether substantial evidence supports the Commissioner's decision that he was not disabled during the relevant time period. (Doc. 19 p. 10).

The Court finds no basis to reverse and remand this case. Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, *upon the pleadings and the transcript of record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." (emphasis added). As Defendant correctly notes, sentence four does not authorize the Court to admit new evidence into the record or to base its decision on anything outside of the administrative record and pleadings. Thus, to the extent that Plaintiff is requesting the Court to review the audio recording of the

administrative hearing to determine if there are discrepancies with the transcript of the proceedings, the Court declines to do so.

Likewise, remand is inappropriate under sentence six of 42 U.S.C. § 405(g). Sentence six provides, in relevant part, "[t]he court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." 42 U.S.C. § 405(g). "A sentence-six remand is warranted even in the absence of any error by the Commissioner if new, material evidence becomes available to a claimant, and the claimant could not have presented that evidence at his original hearing." *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996). New evidence is material when the evidence might have changed the results of the administrative proceedings if it had been considered. *See Ingram v. Comm'r Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007). The audio recording of the administrative hearings is not new or material evidence warranting remand under sentence six. Plaintiff is not arguing that the audio recording contains new information that was not brought before the ALJ at the administrative hearing, but only that the transcript inaccurately memorializes what was said at the hearing.

Even if the Court were to review the audio recording of the administrative hearing, Plaintiff has failed to explain how any alleged inaccuracies in the transcript warrant remand. While Plaintiff takes issue with the alleged omission of the mention of his opioid usage "as a problem in itself" and the alleged substitution of the word "opiate" in place of "opioid" in the transcript, the Court is at a loss as to the argument Plaintiff is attempting to make. In the second paragraph of his Memorandum, Plaintiff states that "[c]ross addiction to narcotics illicit or legal existed on and prior to the date of the hearing with Judge Begley." (Doc. 18 p. 1). To the extent that Plaintiff is

arguing that the ALJ erred by not finding that he is addicted to prescription medicines, the Court finds this argument unpersuasive.  The medical record contains no indication that Plaintiff ever abused prescription medicines.  The ALJ found in his opinion that Plaintiff did have the nonsevere impairment of cocaine dependence, but found that it was not relevant to the period at issue, as the record shows that he was in "full sustained remission." (Tr. 14).  This finding is supported by substantial evidence given Plaintiff's testimony that the last time he used an illegal substance was in 1997.  (Tr. 51-52).  Simply put, Plaintiff has failed to demonstrate that the ALJ's decision was not supported by substantial evidence and did not apply proper legal standards.

### III.     Conclusion

Upon consideration of the submissions of the parties and the administrative record, the court finds that the decision of the ALJ is consistent with the requirements of law and supported by substantial evidence. The decision of the Commissioner is **AFFIRMED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 22, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties